UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROLAND A. PRENATT,

    Plaintiff,

v.                                                              Case No. 5:23-cv-115-TKW-MJF

RICKY DIXON, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff's complaint, Doc. 1, the undersigned recommends that this action be dismissed for maliciousness, under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

### I. BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") currently housed at the Blackwater River Correctional Facility. His inmate number is "188594." Doc. 1 at 1.[1] Plaintiff alleges that Defendants violated the Eighth Amendment when: (1) they required Plaintiff to share a cell with a gang member

---

[1] The page numbers cited herein refer to the numbers assigned by the court's Case Management/Electronic Case Files (CM/ECF) system.

despite knowing that there was "a $500 reward/hit" for any inmate that could attack Plaintiff; and (2) they did not take Plaintiff to the medical department for treatment after Plaintiff's cellmate attacked him. *Id.* at 7–10.

## II. DISCUSSION

**A.    Screening of Plaintiff's Complaint**

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see id.* § 1915(e).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or

manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of a prisoner-plaintiff's case for abuse of the judicial process under section 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

B.  **Plaintiff's Disclosures**

Section VIII of the complaint form utilized by Plaintiff seeks information regarding his prior litigation. Doc. 1 at 11–15. The complaint form expressly states: "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" *Id.* at 11. The complaint also advises that the prisoner "should err on the side of caution if [he is] uncertain whether a case should be identified." *Id.* The complaint form then asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

> B. Have you filed other lawsuits in either ***state or federal court*** dealing with the same facts or issues involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 10–13. Additionally, the complaint form instructs that if the plaintiff responds, "yes" to any question, then the plaintiff must disclose <u>each</u> case. *Id.*

In response to Questions A and B, Plaintiff responded, "No," and did not disclose any cases. *Id.* at 12–13. In response to Question C, Plaintiff responded, "Yes." *Id.* at 13. Plaintiff disclosed that in 2018, he had filed a section 1983 action in the Middle District of Florida (specifically the Jacksonville Division) alleging that Julie Jones and Officer Harden failed to protect him. *Id.* at 14. Plaintiff and Defendants settled. This case was *Prenatt v. Jones*, No. 3:18-cv-1110-TJC-PDB, Complaint, ECF No. 1 (M.D. Fla. Sept. 17, 2018). Plaintiff disclosed no other cases.

At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with form, including my litigation history, is true and correct." *Id*. at 15–16. Thus, at the time Plaintiff signed his complaint, he asserted that he had only filed one federal action before commencing this lawsuit.

C.  **Plaintiff's Omissions**

The undersigned takes judicial notice that when Plaintiff filed his complaint,

he failed to disclose at least two cases and an appeal:

- *Prenatt v. Sec'y, Dep't of Corr.*, No. 8:18-cv-1009-EAK-JSS, Petition for Writ of Habeas Corpus, ECF No. 1 (M.D. Fla. Apr. 25, 2018) (challenging Plaintiff's conviction);

- *Prenatt v. Sec'y, Dep't Corr.*, No. 18-15114, Habeas Appeal, ECF No. 1-2 (11th Cir. May 7, 2019);[2] and

- *Prenatt v. Parrish*, No. 3:21-cv-520-MMH-MCR, Order of Dismissal, ECF No. 4 (M.D. Fla. May 26, 2021) (dismissing Plaintiff's civil rights case prior to service).

These cases are attributable to Plaintiff insofar as it bears his FDC inmate number "188594."[3]

These cases were responsive to the questions on the complaint form. Because he failed to disclose these cases and others, Plaintiff violated his duty of candor to

---

[2] After the Eleventh Circuit denied Plaintiff's motion for certificate of appealability, Plaintiff submitted a petition for a writ of certiorari. *Id.* at ECF Nos. 15, 21, 22. On February 24, 2020, the Supreme Court denied his petition for writ of certiorari. *Id.*, ECF No. 25. On June 29, 2020, the Supreme Court denied Plaintiff's petition for rehearing. *Id.*, ECF No. 26.

[3] Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

the District Court. *See Kendrick*, 2022 WL 2388425, at *3 (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

## D.     The Materiality of Plaintiff's Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Courts also have "a responsibility to prevent single

litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. He knew from reading the complaint form that he was required to disclose (1) all prior cases that were dismissed prior to service, (2) all prior cases and appeals that challenged the condition of his confinement, and (3) all habeas petitions and appeals that challenged his conviction. Doc. 1 at 11–15; *Cf. Parrish*, No. 3:21-cv-520-MMH-MCR, Order of Dismissal Without Prejudice, ECF No. 4 at

1 (advising Plaintiff that the Middle District of Florida's form requires "detailed information regarding . . . the plaintiff's litigation history . . . ."). Indeed, the complaint form expressly warns prisoners: "***[F]ailure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case***" *Id.* at 11.

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Daniels v. Culpepper*, No. 22-12805, ECF No. 9 at 3 (11th Cir. Apr. 12, 2023) ("[T]he litigation-history questions on the complaint form were simple, straightforward, and did not require a legal education to answer."); *Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

To the extent Plaintiff could not remember fully his litigation history or was unsure whether to disclose these cases, Plaintiff could have indicated that on the complaint form. *See* Doc. 1 at 11 (advising prisoners to err on the side of disclosure if they are uncertain about disclosing cases); *id.* at 14 (disclosing that he had filed a civil rights case in the United States District Court for the Middle District of Florida while acknowledging he did not have the case number and the name of the presiding

judge). He did not. Rather, he affirmatively represented that he had filed only one prior federal lawsuit before commencing this action.

Finally, Plaintiff "has an obligation to maintain information (or at least a list of case numbers) for all of his prior cases." *Mathews v. Westly*, No. 5:22-cv-85-TKW-MJF, Order Adopting Report and Recommendation, ECF No. 24 at 2. (N.D. Fla. Nov. 10, 2022). If he did not have that information, Plaintiff could have (and should have) "request[ed] it from the appropriate clerks' offices before filing a new case." *Id.* (quoting *Bashir v. Meherg*, 2022 WL 4471965, at *1 (N.D. Fla. Sept. 26, 2022)); *see also* Fed. R. Civ. P. 11(a) (requiring a party to make a good faith investigation for any allegations or statements contained in pleadings filed with the court). "[I]t would make a mockery of the litigation history questions and the duty of candor owed to the Court if an inmate could simply blame his failure to truthfully answer those questions on his failing memory and the lack of resources provided by the jail or prison." *Mathews*, No. 5:22-cv-85-TKW-MJF, ECF No. 24 at 3.

In short, there is simply no justification for Plaintiff's failure to disclose these cases.

Accordingly, a penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints

in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E. <u>The Appropriate Sanction Is Dismissal Without Prejudice</u>

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[4] *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

---

[4] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). The alleged misconduct in Plaintiff's complaint began on January 15, 2023. Doc. 1 at 6–9. Thus, the statute of limitations likely would not bar Plaintiff from refiling this action in the near future.

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this <u>8th</u> day of May, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** ***See*** **N.D. Fla. Loc. R. 72.2;** ***see also*** **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**