UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**ROLAND A. PRENATT,**

    **Plaintiff,**

v.                                                                          Case No. 5:23-cv-115-TKW/MJF

**RICKY DIXON, et al.,**

    **Defendants.**

_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 5) and Plaintiff's "response" (Doc. 6). The Court construes Plaintiff's response as an objection to the Report and Recommendation under Fed. R. Civ. P. 72(b)(2).

The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed as malicious and an abuse of the judicial process based on Plaintiff's failure to completely disclose his litigation history. *See Burrell v. Moore*, 854 F. App'x 624 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury....").

The Court did not overlook Plaintiff's argument that he relied on an inmate law clerk to prepare the complaint and that he "was assured by the law clerk that everything was done right." Even if that is true, it does not excuse Plaintiff's failure to completely disclose his litigation history because the law clerk presumably had no independent knowledge of Plaintiff's litigation history and he relied on Plaintiff to provide that information.

Moreover, despite Plaintiff's claim that he "does not have the knowledge and understanding to know the difference between a habeas case, civil case, or a[n] appeal," no amount of legal knowledge is necessary to understand the questions on the civil rights complaint form because they clearly and directly required disclosure of "all prior state and federal cases." Indeed, Plaintiff apparently understood the questions on the form well enough to disclose one of his prior cases. Thus, there is no excuse for his failure to not disclose them all.

Plaintiff's claim that the law clerk told him that he did not need to list the other cases because "you don't mix criminal and civil law" makes no sense because he listed one civil case yet failed to disclose another. Moreover, it was unreasonable for Plaintiff to rely on that advice because the form plainly required disclosure of any federal or state case "challenging [the plaintiff's] conviction" or "relating to the conditions of [his] confinement." *See Johnson v. Burch*, 2019 WL 4596569, at *1 (N.D. Fla. Sept. 23, 2019) ("The fact that Plaintiff apparently received bad legal

advice from someone in the prison law library about the form does not excuse his failure to comply with the disclosure requirements on the form or undermine the disposition recommended by the magistrate judge.").

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is **DISMISSED** without prejudice.

3. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 26th day of May, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**